UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHERIE PEREZ                                              CIVIL ACTION

VERSUS                                                    NO. 13-5476

JAMES ROGERS, WARDEN                                      SECTION "I"(5)


REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).  For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED WITH PREJUDICE as time-barred.**

I.   Procedural History

Petitioner, Cherie Perez, is a state prisoner incarcerated in the Louisiana Correctional Institute for Women in St. Gabriel, Louisiana.  On January 11, 2005, Perez pleaded guilty to one count of armed robbery under Louisiana law and was sentenced to a term of

20 years imprisonment without benefit of parole, with credit for time served, to run concurrently with her other sentence in Terrebonne Parish.[1]  She did not appeal her conviction.

On or about June 4, 2012, petitioner filed a motion for review of sentence with the state district court.[2]  The motion was denied on June 11, 2012.[3]  On July 20, 2012, petitioner filed a notice of intent to apply for supervisory and/or remedial writs of mandamus, prohibition and certiorari. The state district court ordered a return date of September 11, 2012.[4]  On October 29, 2012, the Louisiana First Circuit Court of Appeal denied her related writ

---

[1] Rec. Doc. 6-3, p. 8, Transcript of hearing held January 11, 2005.  In exchange for her guilty plea, the State agreed to *nolle prosequi* all other counts. Id. at 20.

[2] Rec. Doc. 6-1, p. 20.  Federal habeas courts apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). That date cannot be gleaned from the state court record with respect to this filing; however, petitioner signed the motion on June 4, 2012, and so it could not have been placed in the mail system any earlier than that date. The pleading itself is stamped as filed June 5, 2012.

[3] Rec. Doc. 6-1, p. 17 (Judgment) and p. 18 (Reasons for Judgment).

[4] The trial court construed the request as a motion for extension of time to file the application for supervisory writ. Rec. Doc. 6-1, p. 10.

application.[5]  On April 26, 2013, the Louisiana Supreme Court denied relief.[6]

On July 25, 2013, petitioner filed the instant federal application seeking *habeas corpus* relief.[7]  In her application, petitioner claims that her sentence is illegal, counsel was ineffective and she was denied the opportunity to submit mitigating evidence during sentencing.  The State argues that the federal application is untimely.[8]  For the following reasons, the court agrees and finds the petition to be untimely.

---

[5] Rec. Doc. 6-1, p. 2, State v. Perez, 2012-KW-1543 (La. App. 1st Cir. 10/29/12).

[6] Rec. Doc. 1, State ex rel. Cherie Perez v. State, 2012-KH-2569 (La. 4/26/13) (copy attached to petition).

[7] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n. 2 (5th Cir.2003). Petitioner signed her federal application on July 25, 2013; therefore, the application could not have been placed in the prison mailing system any earlier than that date.  The application was tendered to this court for filing on July 30, 2013.  The fact that she later paid the filing fee does not alter the application of the federal mailbox rule to her *pro se* petition. See Cousin v. Lensing, 310 F.3d 843, 843 (5th Cir.2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing Spotville v. Cain, 149 F.3d 374 (5th Cir. 1998)).

[8] Rec. Doc. 6, pp. 1-2.

**II.  Statute of limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."[9] On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir.2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir.2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).

---

[9] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

4

> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338–39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir.2006); Roberts, 319 F.3d at 693.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir.2008).

As noted, on January 11, 2005, petitioner pleaded guilty and was sentenced. Because she did not file a direct appeal within the thirty days allowed by state law, her conviction and sentence became final no later than February 10, 2005.[10] Accordingly, the period that she had in which to file her federal application for

---

[10] See State v. Counterman, 475 So.2d 336, 338 (La.1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). Under Louisiana law, a criminal defendant has thirty days to file a motion to appeal his conviction or sentence. La.C.Cr.P. 914. The Court notes that, subject to certain exceptions, a guilty plea normally results in a waiver of a defendant's right to appeal non-jurisdictional defects in the proceedings prior to the plea. See State v. Crosby, 338 So.2d 584 (La.1976). In this case, the Court need not decide whether petitioner had a right to appeal her conviction or sentence pursuant to La.C.Cr.P. art. 914, in that her application for federal *habeas corpus* relief is untimely regardless of whether her conviction was final upon her plea (January 11, 2005) or upon the expiration of her period for filing a motion to appeal (February 10, 2005).

5

*habeas corpus* relief with respect to her state criminal judgment commenced on that date and expired one year later on February 10, 2006, unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications pending before the state courts during the applicable one-year period. Although she did file applications during that period requesting documents, it is clear that applications seeking documents are not considered "application[s] for State post-conviction or other collateral review" for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Higginbotham v. Tanner, Civ. Action No. 10-1130, 2011 WL 3268128, at *1 (E.D.La. July 29, 2011); Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n.22 (E.D.La. May 1, 2002), certificate of appealability denied, No.

03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D.La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001). Because those applications did not trigger statutory tolling, and because petitioner had no other state applications pending at any time during the one-year limitations period, she clearly is not entitled to any tolling credit pursuant to § 2244(d)(2).[11]

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

---

[11] The Court notes that petitioner subsequently filed a state post-conviction motion for review of sentence on or about June 4, 2012. However, because that motion was filed after the expiration of the federal statute of limitations, it had no bearing on the timeliness of her federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir.2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir.2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period expired, "[t]here was nothing to toll." Butler, 533 F.3d at 318.

7

stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir.2002). In the instant case, petitioner has brought forth no evidence demonstrating that she is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations. Accordingly,

## RECOMMENDATION

**IT IS RECOMMENDED** that petitioner's application for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE as time-barred.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that

8

such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc).[12]

New Orleans, Louisiana, this 10th day of February, 2014.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

---

[12] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.